COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Bray and Bumgardner
Argued at Norfolk, Virginia


LAMONT V. EVANS
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1963-97-2        JUDGE RUDOLPH BUMGARDNER, III
                                          JULY 14, 1998
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                       Oliver A. Pollard, Jr., Judge

              Mary Katherine Martin, Senior Assistant
              Public Defender, for appellant.

              Michael T. Judge, Assistant Attorney General
              (Mark L. Earley, Attorney General, on brief),
              for appellee.


     The defendant was a passenger in a vehicle that the police

stopped for not having a valid inspection sticker.  There were

four occupants in the car.  Two officers had the driver and

Evans, the front seat passenger, get out of the car.  One officer

had Evans place his hands on the roof of the car after the other

officer had an altercation with the driver.  The officer with

Evans knew him by name and, pursuant to departmental policy,

called headquarters to determine whether there were outstanding

warrants for him.  Within two minutes, the officer learned that

there was an outstanding felony warrant for Evans, and the

officer arrested him.  An officer transported Evans to the jail,

and after he exited the police cruiser, the officer found drugs

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

beside the vehicle.

Evans was charged with possession of cocaine with intent to distribute. Evans did not make a motion in accordance with Code § 19.2-266.2 to suppress the evidence before trial. At his bench trial he did not object to the admission of the drugs into evidence. The defendant raised the issue that the evidence was illegally obtained while arguing his motion to strike after the Commonwealth had rested. The trial court allowed the defendant to argue suppression of the evidence, and the court ruled that the evidence was not illegally seized. We assume that the trial court found the defendant had good cause for not complying with Code § 19.2-266.2 and that it was in the interest of justice to allow him to proceed. The trial court denied the motion to strike thus ruling that the evidence was admissible. The trial court convicted the defendant. Finding that the evidence was properly admitted, we affirm the conviction.

When the police lawfully stopped the vehicle in which the defendant was riding, they were allowed to order passengers out of the car. See Maryland v. Wilson, 117 S. Ct. 882, 884 (1997). They were also permitted to restrict the conduct of the passenger after he had gotten out of the vehicle. See Lansdown v. Commonwealth, 226 Va. 204, 212, 308 S.E.2d 106, 111 (1983), cert. denied, 465 U.S. 1104 (1984); Hatcher v. Commonwealth, 14 Va. App. 487, 491, 419 S.E.2d 256, 259 (1992). After one officer had an altercation with the driver, the other officer acted

reasonably and in the interest of officer safety by ordering the defendant to put his hands on the car.  During this period of lawful detention, the officer was entitled to radio to his headquarters and determine if the defendant was wanted for any charges.  Once he learned of the outstanding warrant, he could, indeed it was his duty to, arrest the defendant.  At no point was the defendant detained or seized illegally.  Consequently, the evidence found after the police removed the defendant from their vehicle was admissible.  We affirm the conviction.

Affirmed.